Van Rensse-
laer
v.
Hamilton.

## LYON *against* BURTIS.

A. BURR, for the plaintiff, having given notice of a motion for that purpose, moved to vacate the order or certificate of probable cause, of BETTS, C. Judge, who tried the cause staying proceedings, for the purpose of enabling the defendant to move for a new trial.

*S. Jones* read an affidavit showing that the case had been settled by the Judge, and once noticed for argument; and contended that it could not be heard till it was reached in course on the calendar; but

*The Court* said they would hear the motion; and this was the practice, whether the appeal was from a Circuit Judge *refusing* or *granting* an order.

*Jones* then proposed to argue the cause; but

An appeal lies from a circuit judge either *granting* or *refusing* a certificate of probable cause. But the court will not hear an argument upon it.

## VAN RENSSELAER *against* HAMILTON AND OTHERS.

THIS cause had been put off at the Circuit, on motion of the defendants on the usual terms of paying the costs of the Circuit; and, the costs having been taxed, on motion for re-taxation, the following items were held to be properly allowed as a part of those costs:

Plaintiff allowed *per folio, for engrossing notice of special matter* on the N. P record. But not allowed for *notice of inquest,* after affidavit of merits filed.

*Nisi prius record* tuxed as costs of the circuit, though the cause was noticed, and carried down at a previous circuit.

UTICA,
Aug. 1825.

Ex parte
Shethar.

*Dr. nisi prius record, fol. 4 and engrossing,*   $1 26
*Enrolling pleadings thereon, fol. 225 at 1s.*   28 12½

These were allowed, although the cause had once been carried down at a previous Circuit, when a *nisi prius* record was prepared.

The plaintiff was also allowed *per folio* for engrossing the defendants' notice of special matter in their defence, upon the *nisi prius* record.

But the Court refused to allow a charge for the notice of inquest, because there had once before been a notice of inquest, and an affidavit of merits was then filed; and they held that this extended to the cause throughout, so that afterwards, a notice of inquest was not proper; but only a notice of trial.

*J. A. Dunlap,* for the motion.

*E. Williams,* contra.